Per Curiam.

With respect to the causes which have not been tried, there can be no objection to granting the amendment asked for. The Court have permitted a new demise to be added six years after service of the declaration. (1 Caines 251.) The application here is to amend the day of the demise, to make it conformable to an actual lease, made after entry to avoid a fine. This amendment may be important, and deprive the defendants of the only defence they had to make. They must, therefore, have twenty days to elect, whether they will continue to defend; and in such case, the defendants will be entitled to costs of the amendment only; but if they elect to abandon the de-. fence, then they must be paid their costs up to the time of making their election.
In the cause already tried, in which, also, the plaintiff asks to amend the demise, and make it conformable to the day when the entry was actually made and the lease was executed, to wit: the 6 th of May, instead of the 1st of May, there is more doubt. It appears, by affidavit, that the mis *512 take was a clerical one. ’ The objection was taken at thé an(j a motion was ma<je that the plaintiff be nonsuited, on the ground that the demise was laid on a day anterior to the sealing of the lease ; and that the entry being made to avoid the fine, it was a demise before the lessor’s title accrued. In deciding on this motion, we purposely avoid giving any opinion on the validity of the objection.' It is ■not pretended by the defendants, that they did not bring forward their whole defence, or that any injury will be done them by the amendment, farther, than to remove a mere technical objection. The question, then, arises, how far we ought to allow amendments in furtherance of justice, as to mere formal mistakes, arising from clerical errors, when the substantial rights of one party will be promoted by the amendment, and the other party is no otherwise prejudiced, than by depriving him of a formal objection. As yet, we have not gone the length, of making such amendments after a trial$ but, upon full consideration, we perceive no objection to going that length. We have all seen, with regret, objections taken at trials, on the score of variance, which have defeated and turned round the plaintiff to another action, contrary to the justice of the case ; by which means the plaintiff has been subjected to delay, and mulcted in costs. In Holland v. Hopkins, (2 Bos. & Pull. 244.) the plaintiff had been nonsuited at the trial, on the ground that the evidence offered did not conform to the bill of particulars delivered; and although the Court concurred in the opinion of the judge who nonsuited the plaintiff, they set aside the nonsuit, and gave the plaintiff leave to amend his bill of particulars, on payment of costs. In Grundy v. Mell, (4 Bos. & Pull. 28.) the Court, after trial, amended the informality in the issue, which was, by mistake, to the Court, instead of the country ; and in Holland v. Abrahams, (3 Taunt, 81.) the action was on a replevin bond, and there was a fatal variance in setting out the goods replevied, upon which the plaintiff was non-suited. Bayley, Justice, before whom the cause was tried, said, if he had been a judge of the Court where the action . was brought, he would have amended the declaration pro *513 tanto, at the time of the trial. Afterwards, on motion, the nonsuit was set aside on payment of theeosts.
These cases are cited as by no means authoritative, but to show the increasing liberality of Courts at law in allowing amendments, to obviate objections arising from mistakes from which the most acute and eagle-eyed practitioner is not always free. We do not intend to carry the practice so far as to amend at the trial; but we mean to say, that when a plaintiff has been nonsuited for a variance in the date of the instrument declared on, or for any other variance, arising from clerical mistake, that we will set the nonsuit aside, and give leave to amend on payment of costs. There may be cases in which the judge at the trial will use a sound discretion in suffering the plaintiff to take a verdict, and put the party to his application to the Court to make the amendment. It may be discreet to adopt this course, where the defendant has not . been taken by surprise, and where his whole defence has been gone into, or where he is prepared to go into it. By allowing amendments, under these guards, we think we are adopting a course of procedure, that will advance justice, and get rid of technical and more formal objections, which have no reference to the merits of a cause.
In the present case, as the judge did not nonsuit the plaintifffor the variance, but reserved the point, and as the defendants went into their defence fully, we grant the .amendment on the usual terms.
It is not very easy to lay down any general principles on this subject. The cases that have been put, in which we would allow amendments to be made, may serve to illustrate our general views; but every case will depend upon the circumstances peculiar to it. We mean to be understood, however, as deciding, that in fit cases we will allow amendments to be made after trial; and that the present is a case in which the amendment ought to be allowed.
Rule accordingly, (a)

 The first mentioned amendment only was granted. Fide Adam's 011 Ttjectment, 200. 203. and notes.